its ordinary navigable stage," and may be rendered "useless for farming purposes." But the claim herein, and the bill of particulars annexed thereto, are based solely upon the permanent appropriation of the 6.56-acre parcel of land, water privileges, riparian rights, and the damages sustained by reason of the depreciation of the remainder of testator's lands because of such appropriation. In the claim filed herein no mention whatever was made of alleged damages on account of the contemplated overflowing of the additional 4.6 acres. Hence the state had no notice that upon the hearing any such claim would be urged, and each of the witnesses called by the state said that he was not prepared to testify upon the subject, with the exception of the single witness who placed such damages at nothing.

[6] No damages whatever will exist until the canal has been filled, and to what extent the claimant's lands will be flooded is uncertain, and will depend in large measure upon the height at which the water shall be maintained in the canal and to the extent of the seepage. The mere fact that, when the canal comes to be operated, certain lands may be flooded, did not of itself entitle the claimant to have such contemplated damages fixed at the hearing had herein.

As was said in the case of New York Central & Hudson River Railroad Company v. State of New York, 37 App. Div. 57, 55 N. Y. Supp. 685:

"At a time when nothing has been done by the state to interfere with or control the possession of land by its owner, and no notice of appropriation has been served on him, the entry by the state upon the site of a proposed dam, and the commencement of the work of constructing the dam, does not constitute an appropriation or taking possession of what may be the flow ground of the dam when constructed, a mile above it, although the flow line of the proposed dam had been run some ten years before and intermittent efforts have meanwhile been made towards building it."

Omitting to pass upon the question of claimant's damages for such possible or probable flooding in no way prejudiced claimant's rights or precluded him from presenting such claim for damages as may in fact occur.

We find no exceptions calling for a reversal of the judgment, and the same should be affirmed, with costs.

Judgment unanimously affirmed, with costs.

---

'ALTHAUSE v. GIROUX CONSOL. MINES CO.

(Supreme Court, Appellate Division, First Department. May 24, 1912.)

BANKRUPTCY (§ 156*)—RIGHT TO INTERVENE ON APPEAL.

An action was brought for the penalty under Stock Corporation Law (Laws 1892, c. 688) § 53, providing that a transfer agent of a foreign corporation shall, for every refusal to exhibit the transfer book and list of stockholders to a stockholder forfeit a certain sum to the person to whom the refusal is made; and, before trial was had, plaintiff was adjudged a voluntary bankrupt. Thereafter the plaintiff recovered a judgment, which was affirmed by the Appellate Term and appealed from. The plaintiff's attorney had received no fee for his services. *Held,* that the trustee in bankruptcy, having taken no action until this time, could not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intervene before the termination of this appeal; the plaintiff's attorney having a lien upon the recovery for his fees and being entitled to conduct the appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

Action by Walter Althause against the Giroux Consolidated Mines Company. Clarence F. Eldredge, as trustee, moves to be allowed to intervene while appeal is pending from judgment for plaintiff. Motion denied.

See, also, 132 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Maurice Meyer, for appellant.
James A. Allen, for respondent.

PER CURIAM. This action was commenced in the year 1907 to recover a penalty under section 53 of the Stock Corporation Law (chapter 688 of the Laws of 1892), which provides that a transfer agent in this state of a foreign corporation shall, for every violation of that section, "forfeit the sum of two hundred and fifty dollars to be recovered by the person to whom such refusal was made"; the refusal being to exhibit to a stockholder the transfer book and list of stockholders of the corporation. While this action was pending but before judgment was entered, the plaintiff filed a voluntary petition in bankruptcy in the District Court of the United States for the District of Massachusetts, and, in pursuance thereof, the plaintiff was duly adjudicated a bankrupt, and on November 22, 1910, the petitioner was appointed his trustee in bankruptcy, and is still acting as such. Subsequent to such adjudication and the election of the petitioner as trustee, and on March 16, 1911, this action was brought on for trial, and plaintiff recovered a judgment in the Municipal Court, which was affirmed by the Appellate Term, whereupon an appeal was allowed to this court, which appeal is still pending and undisposed of. Subsequently the petitioner presented a petition to the United States District Court in bankruptcy in Massachusetts, and obtained an order authorizing the plaintiff to intervene in this action and take such action concerning the same as law and justice and the rights of creditors of the bankrupt may require. In opposition to this petition, the attorney for the plaintiff submits an affidavit stating that he has received no fees for his services in this action, and insists that the right of action being to recover a penalty was not transferable, and did not pass to the trustee in bankruptcy, and also claiming a lien on the recovery for his fees.

Without passing upon the question whether the trustee in bankruptcy is entitled to the proceeds of this judgment if it is affirmed, we think this application should be now denied. No application was made by the trustee in bankruptcy to intervene before the trial of the action in the Municipal Court or pending the appeal to the Appellate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Term. The attorney for the plaintiff has undoubtedly a lien upon the recovery for his fees, and we think he should be allowed to conduct this appeal. In the event that the judgment is affirmed, the trustee in bankruptcy can take such action as he shall be advised to test the question as to whether the proceeds of the judgment should be paid to him for the benefit of creditors, or whether the plaintiff is entitled to receive the proceeds.

The motion is therefore denied without costs.

---

## PRAY v. NEW YORK STATE NAT. BANK OF ALBANY.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

JUDGMENT (§ 256*)—CONFORMITY TO SPECIAL FINDINGS.

In an action to rescind an agreement executed by plaintiff transferring certain shares of stock to defendant and to have the transfer set aside, where the jury find that plaintiff thought she was pledging stock to secure debts contracted by the corporation issuing it and a firm of the same name, and where a further special finding that such transfer was without consideration was against the evidence, and apparently based on a misconstruction of the evidence, a judgment rescinding and setting aside the transfer was improper; the proper judgment being one adjudging that plaintiff did not intend to transfer the stock absolutely, but merely as security for debts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

Appeal from Trial Term, Albany County.